UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS DEPTULA,

    Petitioner,

v.                          Case No.:   2:24-cv-52-SPC-KCD

WARDEN, DESOTO
CORRECTIONAL INSTITUTION,

    Respondent.
_____/

## AMENDED[1] OPINION AND ORDER

Before the Court is Petitioner Thomas Deptula's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). Deptula challenges a Florida court's 2008 order designating him a sexually violent predator. Deptula made the same argument in a § 2254 habeas action filed in this district as Case No. 2:23-cv-128-JLB-KCD. United States District Judge John Badalamenti dismissed that petition with prejudice because Deptula filed it well after the limitations period set in § 2244(d). Deptula attempts to circumvent the statue of limitations by filing under § 2241. The Eleventh Circuit squarely rejected that tactic in *Peoples v. Chatman*:

> Because there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), and because

---

[1] The original Opinion and Order inadvertently omitted directions to the Clerk and denial of a certificate of service.

one of those restrictions is the one-year statute of limitations set out in § 2244(d), it follows that the one-year state of limitations applies to Peoples' petition.

393 F.3d 1352, 1353 (11th Cir. 2004). Like Peoples, Deptula is imprisoned pursuant to a State court judgment. Thus, the one-year statute of limitations applies regardless of the statute he cites in the caption of his petition.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Deptula is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Deptula must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve

2

encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36.  Deptula has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

Petitioner Thomas Deptula's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED as untimely**.  The Clerk is **DIRECTED** to enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 23, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3